UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CHRISTOPHER BROWN,<br><br>Defendant. | Criminal No. 05-281 |

**DETENTION MEMORANDUM**

The Defendant, Christopher Brown, has been charged by indictment with unlawful, knowing, and intentional possession with intent to distribute a substance containing a detectable amount of cocaine base, also known as crack, a Schedule II narcotic controlled substance, and unlawful, knowing, and intentional possession with intent to distribute heroin and unlawful, knowing and intentional possession of marijuana, both Schedule I narcotic controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) & 844(a). Defendant has additionally been charged in the same indictment with unlawfully and knowingly using and carrying, during and in relation to, and possessing in furtherance of, a drug trafficking offense, a firearm, that is, a Vzor 7.65mm semi-automatic handgun in violation of 18 U.S.C. § 924(c)(1), and with unlawfully and knowingly receiving and possessing the same and ammunition, having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1).

The government requested a detention hearing which was held on August 26, 2005. At the conclusion of the hearing, the Court found that the Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

**Findings of Fact**

At the detention hearing, the government proceeded by proffer. According to the government, on April 13, at about 5:00 p.m., police officers in an unmarked car observed Defendant driving approximately 90 mph through the 3rd Street tunnel near Rhode Island Avenue and the I-395 exit/entrance. Defendant was stopped and arrested for driving in excess of 30 mph above the speed limit. In a search of Defendant's car incident to that arrest, police officers found 1.5 grams of crack cocaine, 2 grams of heroin and approximately 1 gram of marijuana. Police officers also found a loaded "Vzor" 7.65mm semi-automatic handgun. According to police, after being read his Miranda rights, Defendant admitted that the gun, heroin and marijuana belonged to him.

**Discussion**

Under 18 U.S.C. § 1342(e), a rebuttable presumption arises that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" where the court finds probable cause to believe the defendant committed a violation of the Controlled Substance Act for which a maximum penalty of 10 years or more is prescribed. A rebuttable presumption also arises under 18 U.S.C. § 1342(e) when the court finds probable cause to believe the defendant committed an offense in violation of 18 U.S.C. § 924(c). When, as here, a grand jury has indicted the Defendant on such charges, probable cause exists and

the Defendant has the burden of rebutting the presumption.

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [Defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention, but detention founded solely on danger to the community must be based on clear and convincing evidence. *See* 18 U.S.C. § 3142(f); *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

Here, the government asserts solely that Defendant's pretrial release would constitute a danger to the community. In determining whether there are conditions of release which will reasonably assure the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the Defendant; (3) the Defendant's history and characteristics, including the Defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the Defendant's release. *See* 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention. The Defendant was arrested after driving 90 mph in rush hour traffic in a downtown city street. A search of his care disclosed drugs and a loaded semi-automatic weapon.

The second factor, the weight of the evidence, also favors detention. Defendant was driving the car in which the gun and drugs were seized. Furthermore, according to the police, Defendant

admitted that the heroin, marijuana and the gun belonged to him.

The third factor, the history and characteristics of the Defendant, supports pretrial detention. On March 3, 2005, Defendant received probation in the District of Columbia Superior Court for attempted possession with intent to distribute heroin. Within approximately one month of agreeing to abide by the terms of that probation, Defendant was found with drugs and a loaded semi-automatic weapon. Defendant also has prior conviction for misdemeanor cocaine possession, as well as a pending felony charge in Fairfax, VA for unlawful possession of a "taser" stun gun. Put simply, the Defendant has a history of ignoring court-imposed conditions requiring him to stay away from drugs and guns.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention. The Defendant's prior convictions, along with the current charges before this Court involving narcotics and a firearm, demonstrate that he is a substantial danger to the community. The rampant epidemic of drug-related shootings and murders reported daily by the news media demonstrate the extent to which unlawful possession of a firearm and narcotics trafficking wreak havoc on our communities, no place more so than in the District of Columbia.

**<u>Conclusion</u>**

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes that the evidence clearly and convincingly establishes that the Defendant's pretrial release would constitute an unreasonable risk of danger to the community. The presumption in favor of detention established by the statute has not been overcome by the Defendant in this case. Upon consideration of the release conditions set out in 18 U.S.C. § 3142(c), this Court concludes that no condition or combination of conditions can be imposed to reasonably assure the safety of the

community.  Therefore, the government's motion for pretrial detention is granted.


Dated: August _29th_, 2005            _____/s/_____
                                                ALAN KAY
                                                UNITED STATES MAGISTRATE JUDGE