UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Cr. No. 05-0281 (HHK) |
| CHRISTOPHER BROWN, ) | |
| Defendant. ) | |

### MOTION TO MODIFY BOND STATUS

COMES NOW the accused, by counsel, and respectfully requests this Court modify his bond status. The accused hereby states as follows:

1. Mr. Brown requests this Court issue an order modifying the previously issued detention order below, impose conditions of release consistent with 18 U.S.C. § 3142(c) and for any further relief which the Court deems just and appropriate. Government counsel has no objection to this motion being heard at the status hearing scheduled for September 30, 2005. To that end, the undersigned has no objection to the government responding to this motion at the status hearing.

2. Mr. Brown resides at 606 Poplar Drive, Falls Church, Virginia. He is the co-owner of a business and real estate located at 81 Seaton Place, NW in Washington, D.C.

3. On August 26, 2005, a detention hearing was held in this matter before Magistrate Judge Kay. In finding that the presumption favoring detention was not overcome, the magistrate found Mr. Brown was not a risk of flight, but that he was a danger to the community. (Transcript at p. 25, lines 18-25).

4. Mr. Brown respectfully submits he should be granted release on conditions consistent with 18 U.S.C. § 3142(c), based upon the statutory factors set forth in 18 U.S.C. § 3142(g), and set forth herein *seriatim:*

(a) The Nature and Circumstances of the Offense: The subject offense involves possession of a weapon. There is no allegation that the defendant is a violent person or has made threats of violence in this or any other case.

(b) The Weight of the Evidence: The defense concedes that although the weight of the evidence appears strong, there are clearly Fourth Amendment issues which may substantially weaken the government's case. Moreover, the weight of the narcotics recovered from the vehicle evidences simple possession and use amounts rather than an intent to distribute. (Transcript at p. 18, lines 4 through 17).

(c) The History and Characteristics of the Accused: Mr. Brown is a good example of the type of individual who should be released under the conditions enumerated under 18 U.S.C. 3142(c). The accused is a life-long member of the Washington, D.C. community. He lives with his supportive fiancee who is financially capable of posting a significant cash bond. He is also very close to his mother who has attended all court hearings. He owns a clothing business with his fiancee' and is a property owner in the District of Columbia. He has other family in this area and maintains strong community and family ties within the jurisdiction of this Court. He has no aliases.

As significant, he has appeared in every proceeding related to any charge and has <u>never failed to appear</u>. In so doing, he demonstrated his respect for the court system.

(d) The Nature and Seriousness of the Danger to any Person or the Community: Christopher Brown poses no danger to the community or any person due to his solid economic and work history and because any combination of release conditions can

2

include home detention while not working. These factors are more than enough to overcome any speculative presumption of dangerousness.

5. Based upon all the facts noted *supra,* as well as the legal argument *infra*, Mr. Brown should be provided with conditions of release fashioned to suit his circumstance by the Court. The facts of this matter and the applicable law thereto suggest the conclusion the defense respectfully urges.

## LEGAL ARGUMENT

Section (g) of the Bail Reform Act of 1984, 18 U.S.C., section 3142, sets forth the factors that the judicial officer shall consider when ruling on the detention status of a defendant:

> The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning -
> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

This Court should apply the above statutory framework in assessing whether to revoke the detention order herein under 18 U.S.C. Section 3145(b).

### I. BASED UPON THE TOTALITY OF THE EVIDENCE AND THE LAW, THE ACCUSED IS NOT A DANGER TO THE COMMUNITY OR ANY PERSON.

6.  While it is well established that the indictment alone is sufficient probable cause to trigger the rebuttable presumption that no condition would reasonably assure the safety of the community, in order to rebut this presumption, a defendant must come forward with <u>some credible evidence</u> that he <u>will not continue to engage</u> in the drug activities with which he has been charged. This is not difficult to do.

7.  To rebut this presumption [defendants] need not necessarily show that they are not guilty of the charged crimes in the first place. They could also show that the specific nature of the crimes charged, or that something about their individual circumstances, suggests that, what is true in general is not true in the particular case. *United States v. Tessup,* 757 F.2d 378 (1st Cir. 1985). Any evidence favorable to a defendant that comes within a category listed in Section 3142(g) can affect the operation of one or both of the presumptions, including evidence of their marital, family, and employment status, ties to and role in the community, clean criminal record, and other types of evidence encompassed in Sec. 3142(g)(3). *United States v. Dominguez,* 783 F.2d 702, 707; *See United States v. Chagra,* 850 F.Supp. 354, 358.

8.  Where the defendant has rebutted the presumption of dangerousness, as has the defendant herein, the <u>burden of persuasion</u> remains with the government. *United States v. Alatishe,* 768 F.2d 364, 371 (D.C. Cir. 1985). The defense contends that the prosecution has not and cannot meet its burden of persuasion by clear and convincing evidence, the

4

standard expressly articulated in the statute:

> The facts the judicial officer uses to support a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by *clear and convincing* evidence. . . .

18 U.S.C. Section 3142 (f) (emphasis added).

It is clear that mere recitation of the statutory presumption of dangerousness is not enough, once the defendant has met his burden of production. Thus, in *Dominguez,* 783 F.2d at 707, the court vacated the district court's finding of dangerousness which was based solely on the application of the presumption in section 3142(e).

9. The types of evidence courts have cited in matters in which the prosecution has prevailed on the danger to the community issue are as follows:

(a) The scope of the conspiracy and the defendant's role in it have also been accepted as evidence of the defendant's dangerousness when coupled with a prior conviction. *See Chagra,* 850 F.Supp. 354, at 358-9, where the court focused on the trial judge's assessment that the defendant was a significant player in a large-scale drug distribution scheme.

(b) Defendant's testimony that he had possessed firearms, that he had two prior convictions for cocaine possession, and that he had been unemployed for several years were cited by the court in affirming the district court's finding that the defendant would be dangerous if released. *United States v. Smith*, 79 F.3d 1208, 1211 (D.C. Cir. 1996).

10. There is no evidence exclusive of the instant indictment that points to the defendant's being a danger to the community. As set forth above, the Court has the

power to set restrictions, including home detention, which will eliminate any concerns which are raised by the mere allegation of criminality herein.

11.    In sum, when one considers the elements that courts have referenced in cases in which defendants have been found to be a danger to the community under 18 U.S.C. 3142(e), the defendant in the instant case possesses none of the principal characteristics, nor does he exhibit any of the behavior, (other than the mere allegation of a criminal act), that has been cited as sufficient evidence of danger to the community.  Upon review, this Court should consider that appropriate conditions attached to his release, including home detention, would insure the safety of the community.

WHEREFORE, for the reasons set forth herein, Mr. Brown respectfully urges the Court to issue an order, pursuant to 18 U.S.C. § 3145(b), revoking the detention order herein issued, and setting conditions of release in accord with 18 U.S.C. § 3142(c), and for such other and further relief which the Court deems just and proper.

Respectfully submitted,

CHRISTOPHER BROWN
By Counsel

_____
Pleasant S. Brodnax, III
The Mills Building, Suite 400
1700 Pennsylvania Avenue, NW
Washington, D.C., 20006
(202) 462-1100
valawyer@erols.com