**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 05-281 (HKK)** |
| | : | |
| **v** | : | |
| | : | |
| **CHRISTOPHER BROWN** | : | |

**GOVERNMENT'S MOTION IN LIMINE SEEKING ADMISSION OF EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves in limine for admission of certain evidence pursuant to Federal Rule of Evidence 404(b). The government relies upon the points and authorities set out in this memorandum and at any hearing on this matter.

**Factual Background**

The defendant has been charged in a five-count indictment with Unlawful Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c), Unlawful Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c), Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1), Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1), and Simple Possession of a Controlled Substance, in violation of 21 U.S.C. § 844 (a).

On April 13, 2005 at approximately 4:48 p.m., Officer John Cox, a member of the United States Park Police, was driving his police cruiser through the Third Street Tunnel, near the Third Street ramp, when he saw a dark blue Chrysler speed by at approximately 80-90 miles per hour. The officer followed the car in order to initiate a traffic stop. The car sped away, reaching a speed of

more than 100 miles per hour. Eventually, the car was forced to stop at a red traffic signal. At that point, the officer exited his car, and asked the driver of the car, who was later identified as defendant Christopher Brown, to exit his car. Defendant was then arrested for speeding.

Officer Cox conducted a search of the car incident to defendant's arrest. In the center console of the car, the officer found a CZ model Vzor 70 caliber 7.65 pistol, which was loaded with a round of .32 caliber ammunition in the chamber and a round of .32 caliber ammunition in the magazine of the gun. In the map pocket of the driver's door, the officer discovered 1) a medicine bottle, which contained 33.5 small round white tablets marked as Mylan A, 2) a clear sandwich bag containing a brown powdery substance, a portion of which later field tested positive for the presence of opiates 3) a clear sandwich bag containing a green plant matter, a portion of which later field tested positive for the presence of THC. Additionally, the officer looked inside of a silver canister that was attached to defendant's car keys and found numerous loose white rock-like substances, a portion of which later field tested positive for the presence of cocaine. In the open coin compartment of the car's center console, the officer discovered loose green plant material, a portion of which also field tested positive for the presence of THC. In the trunk of the car, the officer found a jacket that had 64 small ziploc bags in an inner pocket.

Officer Cox also searched defendant. Defendant had one round of .32 caliber automatic ammunition in his right rear pants pocket. After waiving his Miranda rights, defendant admitted that the firearm was his, but denied knowing it was in the car. Defendant also admitted that the pills, the marijuana and heroin belonged to him.

**Other Crimes and Bad Acts by the Defendant**

The government seeks to introduce the facts and circumstances surrounding defendant's prior

convictions and/or arrests.[1] On October 7, 2004, defendant pled guilty to Attempted Possession with Intent to Distribute Heroin in District of Columbia Superior Court Case F-7074-03. On April 14, 1998, defendant pled guilty to Possession of Cocaine in Superior Court case F-9292-97. On February 20, 1998, defendant was apparently found guilty of Possession of Marijuana in Superior Court case M-14927-97. The government will supplement this information with specific facts when the case jackets are retrieved from closed files.

The government seeks to introduce this evidence under Federal Rule of Evidence 404 (b), for the purpose of proving, intent, knowledge, and absence of mistake.

**____________________Legal Analysis and Argument**

Rule 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to prove a defendant's character, but is admissible for any non-propensity purpose, including motive, intent, plan, knowledge, and absence of mistake. See United States v. Bowie, 232 F.3d 923, 926, 930 (D.C. Cir. 2000). Importantly, this rule is one of "inclusion rather than exclusion." Id. at 929. As the Court of Appeals has noted en banc, while "the first sentence of the rule is framed restrictively, the rule itself is quite permissive, prohibiting the admission of other crimes evidence in but one circumstance – for the purpose of proving that a person's actions conformed to his character. United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998)(internal quotations omitted). In short, " Rule 404(b) bars not evidence as such, but a theory of admissibility." Id. As the Court stated in United States v. Cassell, 292 F.3d 788, 795 (D.C. Cir. 2002)(citing United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (emphasis in

[1] The government will provide defense counsel with discovery relating to these charges as soon as possible.

original), "[t]rue, the evidence may tend to show that [defendant] is a person of bad character, but Rule 404(b) does not thereby render it inadmissible. To reiterate what we have stated before . . . under Rule 404(b), 'any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character.'"

Such evidence is of course subject like all evidence to the strictures of Rule 403. Thus, the admissibility of other crimes evidence rests on a two-step inquiry: 1) whether the other crimes evidence is relevant to an issue other than the defendant's character or propensity, and if so, 2) whether the evidence is admissible under Rule 403 because its probative value is not substantially outweighed by the danger of unfair prejudice. United States v. Moore, 732 F.2d 983, 987 (D.C. Cir. 1984).

As its language reflects, Rule 403 "tilts, as do the rules as a whole, toward the admission of evidence in close cases" -- even when other crimes evidence is involved. Moore, 732 F.2d at 989. See Huddleston v. United States, 485 U.S. 681, 688-89 (1988) ("Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence").[2]

As the Court of Appeals noted in Cassell, "[w]e have previously held that 'in cases where

---

[2] As for the burden that must be met in presenting other crimes evidence, the Court is not required to make any sort of preliminary finding or to weigh the evidence as to the other crimes. Indeed, as the Supreme Court has emphasized, "[i]n determining whether the Government has introduced sufficient evidence to meet Rule 104(b), the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence." Huddleston, 485 U.S. at 690 (emphasis added). Instead, the trial court "simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact [other crimes evidence] . . . by a preponderance of the evidence." Id. And in doing so, the trial court must consider all the pieces of evidence presented to the jury, both as to the other crimes evidence and the charged conduct. Ibid.

a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged.'" Id. at 793 (citation omitted). In the instant case, among other things, the government must prove that the defendant constructively possessed the cocaine base and the heroin found in his car, with the intent to distribute it. The government must also prove that defendant possessed marijuana. The "other crimes" evidence of defendant's previous possession of cocaine, heroin and marijuana is highly probative of the defendant's knowing and intentional possession of those substances in this case. Defendant's prior Attempted Possession with Intent to Distribute Heroin conviction is probative of his intent to distribute the cocaine and heroin found in his car in this case. Further, defendant's previous possession of the cocaine, heroin, and marijuana also shows that the defendant's possession of these substances in this case was not the result of mistake or accident. As the Court of Appeals observed en banc, "[a] defendant's hands-on experience in the drug trade cannot alone prove that he possessed drugs on any given occasion. But it can show that he knew how to get drugs, what they looked like, where to sell them, and so forth. Evidence of a defendant's experience in dealing drugs -- evidence, that is, of his 'bad acts' -- thus may be a 'brick' in the 'wall' of evidence needed to prove possession." Crowder, 141 F.3d at 1209, n.5 (en banc).

Because of the highly probative nature of such Rule 404(b) evidence in the context of drug cases, the courts have generally not hesitated to admit such evidence for the purposes sought here.[3] See, e.g., United States v. Burch, 156 F.3d 1315, 1323-24 (D.C. Cir. 1998) (evidence of

---

[3] In this case, the government will be proceeding on a theory of constructive possession with respect to the drug and gun offenses. Accordingly, the case of United States v. Linares, 367 F. 3d 941, (D.C. Cir. 2004) is inapposite. Indeed, in Linares, the Court of Appeals

defendant's prior arrest and conviction for PWID crack cocaine was properly admitted under Rule 404(b) to show defendant's knowledge and intent in prosecution for possession with intent to distribute crack cocaine); Crowder, 141 F.3d at 1208-09 (noting that defendant's subsequent purchase of cocaine was permissible under Rule 404(b) for multiple purposes, including motive, intent, possession, and knowledge) (en banc); United States v. Johnson, 40 F.3d 436, 441 n.3 (D.C. Cir. 1994) (prior drug transaction properly admitted under Rule 404(b)). The significant probative value of the evidence here is clearly not outweighed by the danger of unfair prejudice in this case. Whatever prejudice the defendant may perceive, moreover, can adequately be addressed through the use of a limiting instruction to the jury.

WHEREFORE, for the reasons stated above, the United States respectfully submits that the government's motion to admit other crimes evidence be granted.

Respectfully submitted,

KENNETH L. WAINSTEIN.
United States Attorney
Bar No. 451058

______________________________

Denise M. Clark
Assistant United States Attorney
Federal Major Crimes, D.C. Bar No. 479149
555 4th Street, N.W. #4840
Washington, DC 20530
Phone: 202-353-8690
Fax: 202-353-9414

held that Rule 404 (b) barred the admission of the defendant's prior possession of a gun in a felon in possession trial where the government was proceeding on an actual possession theory. Id. at 952. As the Court made clear in United States v. Garner, 396 F.3d 438, 445 (D.C. Cir. 2005), no such bar exists under Rule 404 (b) when the government uses a constructive possession theory.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon the attorney for the defendant, Pleasant S. Brodnax, this 18th day of November 2005.

Denise M. Clark
Assistant United States Attorney