UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 05-281 (HHK) |
| | : | |
| | : | **FILED** |
| CHRISTOPHER BROWN, | : | |
| | : | MAR 1 6 2006 |
| Defendant. | : | NANCY MAYER WHITTINGTON, CLERK |
| | : | U.S. DISTRICT COURT |

GOVERNMENT'S SUBMISSION TO THE COURT
IN PREPARATION FOR THE UPCOMING PLEA HEARING

The United States, by and through its attorney, the United States Attorney for the District of

Columbia, and Defendant, Christopher Brown, hereby submit the following in preparation for a plea

hearing in the instant case.

I.    ELEMENTS OF THE OFFENSES

A. Elements of Unlawful Possession by a Felon

The essential elements of the offenses of Unlawful Possession of a Firearm and Ammunition

by a Convicted Felon and Unlawful Possession of Ammunition by a Convicted Felon, 18 U.S.C.

Section 922(g)(1) are as follows:

1.    The defendant knowingly possessed a firearm, that is a CZ model Vzor 70

caliber pistol and ammunition, that is, .32 caliber ammunition;

2.    The firearm and/or ammunition had been shipped or transported from one

state to another;

3.    At the time the defendant possessed the handgun and/or ammunition, the

defendant had been convicted of a felony, that is, Attempted Possession with

Intent to Distribute Heroin, an offense punishable by imprisonment for a term exceeding one year.

B.    Simple Possession

1.    That the defendant possessed a controlled substance.

2.    That the defendant possessed the controlled substance knowingly and intentionally.

II.    COPY OF THE PLEA AGREEMENT

A copy of the plea agreement, not yet executed by the defendant, is attached.

III.    PENALTIES

Pursuant to 18 U.S.C. § 922 (g)(1) and § 924, each charge of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year and Unlawful Possession of Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year carries the following penalties:

1.    a term in prison of not more than 10 years;
2.    a fine of not more than $250,000; and
3.    a term of supervised release of not more than three years.

Pursuant to 21 U.S.C. Section 844 (a), because defendant has two or more prior drug convictions, the simple possession offenses each carry the following penalties:

1.    a mandatory minimum sentence of 90 days of incarceration;
2.    a maximum sentence of not more than three years;
3.    a minimum fine of $5,000; and
4.    up to one year of supervised release.

IV.    FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA

Had this matter proceeded to trial, the Government was prepared to prove beyond a reasonable doubt that on April 13, 2005, at approximately 4:58 p.m., a Park Police officer noticed

-2-

defendant driving his dark blue Chrysler at over 80 miles per hour through the Third Street tunnel, N.W., Washington, D.C. The Third Street tunnel has a posted speed limit of 45 miles per hour. Defendant accelerated to over 100 miles per hour before the officer was able to pull him over at the intersection of I-395 and New York Avenue. Once defendant stopped his car, he was arrested for driving 30 miles over the speed limit. The officer conducted a search of the defendant's person and his car incident to his arrest. From his person, the officer recovered a round of .32 caliber ammunition. From defendant's car, the officer found a CZ model Vzor 70 caliber pistol with a round in the magazine in the car's center console. In the open storage area of the center console, the officer also located green plant matter, which was later analyzed by the Drug Enforcement Administration and determined to be marijuana. In the map pocket of the driver's side door, the officer found a brown prescription bottle containing 33 ½ tablets of Alprazolan, a sandwich bag containing 3.5 grams of heroin, and a sandwich bag containing 0.58 grams of marijuana. In a silver cannister attached to defendant's key chain, the officer also located .93 grams of crack cocaine. After being arrested, defendant admitted that the gun, marijuana, pills and heroin were his, but denied responsibility for the crack cocaine.

On October 7, 2004, defendant had been previously convicted of a felony in the District of Columbia, in Superior Court criminal case number F 7074-03. The gun and the ammunition that

-3-

were recovered in this case were not manufactured in the District of Columbia, and they were

shipped to the District of Columbia through interstate commerce.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney

DENISE M. CLARK
Assistant United States Attorney
D.C. Bar No. 479149
Federal Major Crimes Section
555 Fourth Street, N.W., Room 4840
Washington, D.C. 20530
202-353-8213

## DEFENDANT'S ACKNOWLEDGMENT

I have read this factual proffer and have discussed it with my attorney, Pleasant S. Brodnax, III, Esquire. I fully understand this factual proffer. I agree and acknowledge by my signature that this proffer of facts is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this factual proffer fully.

Date: 3/14/06

_____
CHRISTOPHER BROWN
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read this factual proffer, and have reviewed it with my client fully. I concur in my client's desire to adopt this factual proffer as true and accurate.

Date: 3/14/06

_____
PLEASANT S. BRODNAX, III, ESQUIRE
Attorney for Defendant